**[This opinion has been published in *Ohio Official Reports* at 81 Ohio St.3d 1222.]**

IN RE HITCHCOCK ET AL.

[Cite as *In re Hitchcock*, 1998-Ohio-653.]

*Appeal dismissed as improvidently allowed.*

(No. 96-2641—Submitted December 10, 1997—Decided February 11, 1998.)

APPEAL from the Court of Appeals for Cuyahoga County, Nos. 69291 and 69292.

———————————

*John H. Lawson*, for appellants Abdul and Mary Abdullah.

*Joanne Canitia Brady*, Guardian *ad litem* for Shampail and Hastings Hitchcock.

*Kenneth D. Myers* and *Avery S. Friedman*, for appellees Tim and Cherie Burich.

*Celestine Suttles,* urging affirmance for *amicus curiae*, Cuyahoga County Department of Children and Family Services.

*Rufus Simms*, urging reversal for *amicus curiae*, Akilah Abdullah.

*Steven E. Wolkini,* urging reversal for *amicus curiae*, Advisory Committee of the Juvenile Court Guardian Ad Litem Project.

———————————

{¶ 1} The appeal is dismissed, *sua sponte*, as having been improvidently allowed.

DOUGLAS, RESNICK, COOK and LUNDBERG STRATTON, JJ., concur.

MOYER, C.J., F.E. SWEENEY and PFEIFER, JJ., dissent.

———————————

**FRANCIS E. SWEENEY, SR., J., dissenting.**

{¶ 2} I would not dismiss this appeal as having been improvidently allowed. I would affirm the judgment of the court of appeals and adopt its opinion in its entirety. The juvenile court infringed on the probate court's exclusive jurisdiction

when it effectively denied appellees' adoption petition.  The determination of the fitness of the parties to adopt is reserved for the probate court's adjudication.

MOYER, C.J., and PFEIFER, J., concur in the foregoing dissenting opinion.

_____